E-FILED
Tuesday, 21 September, 2010 10:35:07 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

---

| | | |
|---|---|---|
| **ROY M. STICKHOST** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CV-03132** |
| | ) | |
| **3-D LEASING, INC.,** | ) | |
| **and LSSD, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ON MOTION TO DISMISS**

This case is before the court for ruling on a Motion to Dismiss (#5) filed by the defendants, 3-D Leasing, Inc. and LSSD, Inc.. This court has carefully considered the arguments of the parties and the documents presented by the parties. Following this careful and thorough consideration, the defendants' Motion to Dismiss is DENIED.

JURISDICTION

Jurisdiction of this court is premised on 28 U.S.C. § 1331, federal question jurisdiction. Plaintiff institutes the action pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et. seq.

STATEMENT OF FACTS

For the purpose of this Motion, the court must accept as true all well-pleaded factual allegations contained in the Complaint (#1), and draw all inferences in the light most favorable

to Plaintiff. Santiago v. Walls, 599 F.3d 749 (7th Cir. 2010); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).

Plaintiff alleges that he had been employed by Defendant 3-D Leasing, Inc. for a number of years as a truck driver, and had received health insurance, life insurance, participated in a 401k plan, and received other benefits as an employee/beneficiary of LSSD, Inc. As a result, Plaintiff alleges that he was an "eligible employee" of Defendants within the meaning of the FMLA. Complaint ¶¶ 6-10 (#1).

Plaintiff alleges that between February 15 and 16, 2010, he had a serious health condition within the meaning of the FMLA. Complaint ¶ 21 (#1). Plaintiff alleges the following facts in support of this claim: that (1) starting in the evening of February 14, 2010, he began suffering intense abdominal pain; (2) on February 15, 2010, his wife contacted their family doctor and received instructions regarding medication that had previously been prescribed; (3) when the problem continued, he went to his family doctor on February 16, 2010, who diagnosed him with, among other things, gastroenteritis and dehydration; and (4) he has a history of suffering from gallstones. Complaint ¶¶ 11-14 (#1).

Plaintiff further alleges that, pursuant to the FMLA, he and/or his wife gave notice to Defendants of his need to take medical leave. He alleges that (1) on February 15, 2010, his wife called Defendants, and informed the agent that her husband was sick, unable to work, under the care of a doctor, and might be passing a gallstone; and (2) that his doctor provided an off-work slip for February 15 and 16, and that this documentation was provided to Defendants. Complaint ¶¶ 15-16, 22 (#1). Finally, Plaintiff alleges that on February 16, 2010, Defendants fired him. Complaint ¶ 18 (#1).

Plaintiff has filed the instant action, claiming that 29 U.S.C. § 2614 provides eligible employees who take FMLA leave with the right to be restored to the position that they held prior to the leave, or an equivalent position when they return from leave. Plaintiff claims that by terminating Plaintiff's employment while he was on FMLA leave, Defendants (1) violated the FMLA, and (2) willfully and intentionally discriminated against Plaintiff in violation of the FMLA. Complaint ¶¶ 19, 23-24 (#1).

## PLEADING STANDARD

The American civil justice system uses notice pleading and private discovery to resolve disputes. In this approach to litigation, a valid claim for relief requires only a "short and plain statement" explaining why the plaintiff is entitled to such relief. Fed. R. Civ. P. 8. Dismissal is appropriate only when there are not "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This plausibility inquiry involves a two-pronged approach to be used in civil actions. The court must first (1) distinguish between factual allegations and legal conclusions and only grant the presumption of truth to the former and then must (2) use these collected "facts" to determine whether they plausibly, not possibly, give rise to an entitlement to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

A claim is plausible if it merely provides the defendant fair notice of what the claim is, and the grounds upon which it rests, George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007), and by

"plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. The determination of plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

Therefore, to withstand a motion to dismiss, a plaintiff "must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself could these things have happened, not did they happen." Swanson v. Citibank, N.A., --- F.3d ----, 2010 WL 2977297 at *3 (7th Cir. 2010). The amount of detail that the plaintiff must provide in the pleading depends on the type of claim, with simpler cases requiring less detail and more complex cases requiring more alleged facts. Swanson, 2010 WL 2977297 at *3 ("[I]n many straightforward cases, it will not be any more difficult today for a plaintiff to meet that burden than it was before the Court's recent decisions.") (comparing a straightforward sex discrimination case, which would require minimal detail, with a case involving financial derivatives or an antitrust violation, which would require more detail to give the opposing party "notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected"); Limestone Development Corp. v. Village of Lemont, Ill., 520 F.3d 797, 803-804 (7th Cir. 2008) (holding that the heightened pleading standard only applies to complex cases or those in which discovery is likely to be more than usually costly, to include as much factual detail as is necessary to show that the plaintiff has a plausible claim).

MERITS OF THE MOTION TO DISMISS

The well-pleaded factual allegations in the Complaint, assumed to be true, plausibly

suggest the existence of a claim under the FMLA. Therefore, this court denies Defendants' Motion to Dismiss for Failure to State a Claim.

The Congress passed the Family and Medical Leave Act of 1980 to "entitle employees to take reasonable leave for medical reasons", after making a finding that "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods . . . . " 29 U.S.C. § 2601. For any employee covered by the FMLA, the Act expressly created a statutory right to be restored to the position of employment held when the medical leave commenced. 29 U.S.C. § 2614. The Department of Labor implemented the FMLA by promulgating the enabling regulations found in 29 C.F.R. § 825 et. seq., which allow "eligible employees of a covered employer to take job-protected, unpaid leave . . . for up to a total of 12 workweeks in any 12 months . . . because the employee's own serious health condition makes the employee unable to perform the functions of his job . . . ." 29 C.F.R. § 825.100(a).

Employers covered by the FMLA "are required to grant leave to eligible employees . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the employee's job . . . ." 29 C.F.R. § 825.112(a). A "serious health condition" means, among other things, an illness, injury, impairment or physical or mental condition that involves continuing treatment by a health care provider. 29 C.F.R. § 825.113(a). Relevant serious health conditions that involve continuing treatment include: a period of incapacity and treatment of more than three consecutive, full calendar days, 29 C.F.R. § 825.115(a); or, any period of incapacity or treatment for such incapacity due to a chronic serious health condition, 29 C.F.R. § 825.115(c).

Defendants argue that the complaint should be dismissed for failing to allege any facts

establishing a serious health condition. Memorandum of Law in Support of Motion to Dismiss p. 2 (#6). First, Defendants argue that Plaintiff failed to allege that he was incapacitated for a full three calendar days. Id. This court agrees with Defendant that Plaintiff does not fulfil the requirements for § 825.115(a). Two days plus an evening does not constitute three full calendar days. This court notes, however, that the case on which Defendants rely, Haefling v. United Parcel Service, Inc., is inapposite because it applies interim final rules rather than final rules in its determination of what constitutes a "serious condition". Haefling v. United Parcel Service, Inc., 169 F.3d 494, 498 (7th Cir. 1999) ("At the time of Haefling's termination, interim final rules defining the phrase 'serious health condition' had been issued by the Department of Labor as a precursor to the final regulations. The interim final rules are applicable to this case.") Final rules were made effective February 6, 1995, which precede the instant case. 60. Fed. Reg. 2180-01 (Jan. 6, 1995). See also Hackney v. Central Illinois Public Service Co., 2006 WL 2095808 n.8 (C.D.Ill. 2006) (unreported).

Second, Defendants also rely on Haefling to support the proposition that Plaintiff has "failed to set forth sufficient facts supportive of their respective inabilities to perform the functions of their positions." Reply to Defendants' Response to Plaintiff's Motion to Dismiss p.3 (#10). This argument is irrelevant to the instant motion. Haefling is a ruling on a motion for summary judgment, not a motion to dismiss. Haefling, 169 F.3d at 497. In the Federal courts, the standard for a motion for summary judgment (Fed. R. Civ. P. 56, *viz.*, no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law; see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)) is not the same as that for a motion to dismiss (Fed. R. Civ. P. 12(b)(6), *viz.*, the

failure to state a claim upon which relief may be granted). Because the standard for a complaint is to provide only enough detail to put the defendant on notice, rather than enough detail that the court may make a finding that there is no genuine issue of material fact, the sparse factual allegations in a complaint may be sufficient to survive a motion to dismiss where it might not withstand a motion for summary judgment.

Third, Defendants argue that Plaintiff additionally failed to state a claim that he had been suffering from a chronic condition, pursuant to § 825.115(c). Reply to Defendants' Response to Plaintiff's Motion to Dismiss p.2 (#10). This court disagrees. Dismissal under Rule 12(b)(6) is only appropriate when "the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007) (interpreting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Plaintiff has alleged that he had "a history of gallstones." This court finds it plausible that the "medication that had previously been prescribed", as indicated in the Complaint, had been prescribed to treat Plaintiff's alleged history of gallstones. This court as well as our sister courts have recognized that, all other elements being satisfied, gallstones could be a health condition eligible for medical leave under the meaning of the FMLA. Hackney, 2006 WL 2095808 (holding for opposing party on unrelated contractual grounds) (noting that FMLA leave had been given for kidney stones). See also Rashid v. Sovereign Bancorp, Inc., 2008 WL 2485450 at *5 (E.D. Pa. 2008); Taylor v. Virtua Health, Inc., 2007 WL 1827094 at *9 (D.N.J. 2007). Although Plaintiff does not specifically allege in the Complaint that his medication was for gallstones, or that the specific incident giving rise to this controversy was due to gallstones, this court must draw all inferences

in favor of the plaintiff. Therefore, it is premature for this court to consider whether Plaintiff actually had an ongoing chronic condition, much less whether the incident was a result of Plaintiff's ongoing chronic condition. Additionally, the instant case is straightforward, not complex. The pleading standard for this complaint is thus closer to pre-*Twombly* notice pleading than to fact pleading. Alleging that Defendants' actions were in violation of the FMLA, and that Plaintiff had an ongoing chronic condition, is sufficient to withstand a motion to dismiss for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion to Dismiss (#5) is DENIED;

(2) Defendants shall file an Answer to Plaintiff's Complaint within 21 days of this order;

(3) This case is referred to Magistrate Judge Charles Evans for further proceedings.

ENTERED this 21st day of September, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE